﻿Citation Nr: 19158967
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 18-43 086
DATE: July 30, 2019

ORDER

Entitlement to service connection for bilateral hearing loss is denied.

Entitlement to service connection for tinnitus is granted.

FINDINGS OF FACT

1. The Veteran’s hearing loss is not etiologically related to service.

2. The Veteran’s tinnitus is etiologically related to service.

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303 (b), 3.385.

2. The criteria for entitlement to service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.159, 3.303 (b), 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from March 1973 to April 1984. He appeals an April 2018 rating decision denying service connection for bilateral hearing loss and tinnitus.

The Veteran contends that his bilateral hearing loss and tinnitus began in service and have continued to the present. See April 2018 Notice of Disagreement. A veteran that can show a disability resulting from personal injury suffered or disease contracted, or for aggravation of preexisting injury suffered or disease contracted in the line of duty in active service is entitled to VA disability compensation. 38 U.S.C. § 1110.

To establish entitlement to VA disability compensation, a veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of an injury or disease; and, (3) a causal link between the present disability and the injury or disease incurred or aggravated in-service (“nexus” requirement). Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Under 38 C.F.R. § 3.303(b), the nexus requirement is relaxed for claims for chronic diseases enumerated in 38 C.F.R. § 3.309(a). Certain chronic diseases will be presumed related to service if continuity of the same symptomatology has existed since service, with no intervening cause. Walker v. Shinseki, 708 F.3d 1331, 1339 (Fed. Cir. 2012). Tinnitus and hearing loss are chronic diseases afforded the relaxed standard where there is evidence of acoustic trauma. Fountain v. McDonald, 27 Vet. App. 258, 260 (2015). 

The Veteran is competent to testify as to facts he personally observed or described; this includes recalling what he personally felt, saw, smelled, heard, or tasted. See Layno v. Brown, 6 Vet. App. 465, 469 (1994). However, he is not competent to offer opinions on complex medical matters.

A veteran need only demonstrate that there is an approximate balance of positive and negative evidence to establish entitlement to VA disability compensation. Gilbert v. Derwinski, 1 Vet. App. 49, 54 (1990).

Service connection may be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that a disease was incurred in service. 38 C.F.R. § 3.303(d).

1. Bilateral hearing loss

Hearing loss is determined for VA compensation purposes by way of audiological testing composed of puretone frequency thresholds and speech discrimination criteria. 38 C.F.R. § 3.385. 

A hearing disability is shown when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, and 4000 Hertz is 40 decibels or greater; or, when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, and 4000 Hertz is 26 decibels or greater; or, when speech recognition scores using the Maryland CNC Test are less than 94 percent.

The Veteran underwent a VA examination (with audiometric evaluations) in March 2018. The results of the exam are as follows:

Puretone Thresholds

HERTZ 500 1000 2000 3000 4000 

RIGHT EAR 20 20 50 55 45 

LEFT EAR 25 25 70 65 60

Speech Recognition Scores (Maryland CNC Test)

RIGHT EAR 96 percent

LEFT EAR 96 percent

The evidentiary record shows that the Veteran currently has hearing loss for VA purposes. The first Shedden element has been met. 

The second Shedden element has also been met. The March 2018 VA examiner acknowledged that the Veteran’s military occupational specialty, that of a radio operator, is associated with exposure to high risk noise. See March 2018 VA medical examination. Hence, the Board finds that the Veteran was exposed to loud noise in service. See e.g., VA Form 21-526EZ, April 2018 Notice of Disagreement. 

The Board finds that the third Shedden element has not been met. Although the Veteran is competent to report a loss of hearing perception, he is not competent to diagnose the etiology of the condition. Hence, an expert opinion is necessary to evaluate the Veteran’s claim. The March 2018 VA examiner opined that it was less likely than not that the Veteran’s current hearing loss was caused by or a result of an event in military service, emphasizing that that no hearing loss was detected in service. See March 2018 VA medical examination. An audiogram conducted at the time of separation from service showed normal hearing in both ears. See December 1983 service treatment records. Notably, the Veteran himself denied experiencing hearing loss at separation from service. Id. 

Substantial probative weight is afforded to the opinion of the December 2018 VA examiner. The opinion was conducted by a qualified medical professional, based upon review of evidence in the record, and included an in-person examination of the Veteran. The opinion was supported by adequate rationale. Accordingly, the Board finds that continuity of symptomatology has not been demonstrated and service connection for bilateral hearing loss is not warranted. 38 C.F.R. § 3.303(b).

2. Tinnitus

The Veteran and his representative report that the Veteran’s tinnitus began in service and continued thereafter up to the present day. See, e.g., April 2018 Notice of Disagreement. The Board finds the Veteran’s statements in this regard probative and credible. Because the Veteran is credible in his report that his tinnitus began in service and continued thereafter, and because tinnitus is capable of lay observation, service connection for the condition is warranted.

 

DONNIE R. HACHEY

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD D.J. Ballinger, Law Clerk

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.